UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JACK A. CLAYBORNE,**

    **Plaintiff,**

  v.                                          Case No. 19-CV-1689

**JOSEPH SERIO,** *et al.*,

    **Defendants.**

---

**ORDER**

---

      Plaintiff Jack A. Clayborne, who is representing himself, filed this lawsuit under 42 U.S.C. § 1983 as well as a motion to proceed without prepaying the filing fee. In order to proceed without prepaying the filing fee, prisoners must pay an initial partial filing. 28 U.S.C. § 1915(b). In order to assess that fee, the court needs a certified copy of the prisoner's trust account statement for the preceding six months. 28 U.S.C. § 1915(a)(2). Clayborne did not provide a complete certified trust account statement, so the Clerk of Court's office sent him a letter asking him to send in a complete one. Clayborne responded with a short letter stating that he is currently at Dodge County Correctional Facility and has only been there since September 2019 and had previously been at the Milwaukee County Jail.

      I understand that this may be causing Clayborne some confusion. Clayborne will need to ask two separate institutions for portions of his trust account statement. He will need to ask Dodge County Correctional Facility to send a copy that dates from when he arrived there to the day he filed his complaint (November 15, 2019). He will also need to ask the Milwaukee County Jail to send him a trust account statement dated from May 15, 2019 (six months before

his filed his lawsuit) to the day he was transferred to Dodge. If he was not incarcerated until after May 15, 2019, he needs only to provide a trust account statement that spans from when he was incarcerated at Milwaukee to when he was transferred to Dodge. I will give him until **March 6, 2020** to file these documents. If he fails to do so, or he fails to explain why he cannot do so, I will dismiss his case without further notice to him.

I am also denying without prejudice the two motions Clayborne has filed: the first is a motion to amend his complaint and the second is a motion to appoint counsel. Clayborne's motion to amend his complaint is not properly filed. Under the local rules, a motion to amend the complaint must include both a motion to amend that states what changes the party seeks to make *and* a copy of the proposed amended complaint in its entirety. Civil L.R. 15 (E.D. Wis.). Clayborne only states that he is adding two defendants—he does not include a proposed amended complaint. Further, Clayborne can file an amended complaint as a matter of right without leave before screening, but he must file an entirely new complaint—not just a document saying he wants to add defendants. However, Clayborne should not file an amended complaint unless and until he submits his certified trust account statement.

Clayborne's motion to appoint counsel is premature. At this stage, I have not even been able to screen the complaint because Clayborne has yet to provide the required trust account statement. I will deny his motion without prejudice. I will also note that prisoners are required to try to find counsel on their own and be able to provide proof they contacted at least three attorneys before they can file a motion asking the court to appoint counsel on their behalf. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019).

**NOW, THEREFORE, IT IS ORDERED** that Clayborne has until **March 6, 2020** to file a certified six-month trust account statement. If he fails to do so, or explain why he cannot

do so, I will dismiss his case. If he no longer wishes to pursue this case, he does not need to take any action.

**IT IS ALSO ORDERED** that Clayborne's motion to amend his complaint (Docket # 6) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Clayborne's motion to appoint counsel (Docket # 8) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin this 7th day of February, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge