UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK A. CLAYBORNE,

        Plaintiff,

v.

        Case No. 19-cv-1689-pp

JOSEPH SERIO, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED WITHOUT PREPAYING INITIAL PARTIAL FILING FEE (DKT. NOS. 2, 12), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO AMEND COMPLAINT (DKT. NOS. 13, 15, 17, 18) AND MOTION TO APPOINT COUNSEL (DKT. NO. 19) AND SETTING DEADLINE FOR PLAINTIFF TO FILE A COMPREHENSIVE AMENDED COMPLAINT**

    On November 15, 2019, the plaintiff filed a complaint alleging that the defendants violated his civil rights by using excessive force against him while arresting him at a gas station in Milwaukee. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    Section 1915A of Title 28 requires that in any case where an incarcerated person sues a governmental entity or the employee of a governmental entity, the court must review the complaint to determine whether any of the plaintiff's claims either are frivolous, malicious or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune. This is called "screening" the incarcerated person's complaint. This court does not "screen" an incarcerated plaintiff's complaint until the person has paid the initial partial filing fee required by 28 U.S.C. §1915.

1

When the plaintiff filed his motion for leave to proceed without prepaying the filing fee, he provided the court with a *partial* prisoner trust account statement—it covered the period September 29, 2019 to November 6, 2019, three months or so before the date on which he filed the complaint. Dkt. No. 3. The clerk's office sent the plaintiff a letter, advising him that within twenty-one days he needed to file a trust account statement for the six months preceding the date he filed the complaint (approximately May through October 2019). Dkt. No. 4. The plaintiff responded that he'd asked the Milwaukee County Jail for a certified copy of his six-month trust account statement but hadn't heard back and that he'd been at Dodge only three months. Dkt. No. 5. He also filed a motion to amend the complaint (dkt. no. 6) and a motion to appoint counsel (dkt. no. 8).

On February 7, 2020, Magistrate Judge Nancy Joseph denied the motion to amend the complaint and the motion to appoint counsel. Dkt. No. 9. She explained that under this court's local rules, a party seeking to amend the complaint must send along with the motion "a copy of the proposed amended complaint in its entirety." Id. at 2. She explained that the plaintiff didn't need the court's permission to amend the complaint before screening, but that he *did* need to file "an entirely new complaint—not just a document saying he wants to add defendants." Id. And she noted that he should not file an amended complaint unless and until he'd filed the full, six-month trust account statement. Id. She also explained to the plaintiff what he needed to do to get the full six months' worth of trust account statements from the two

2

institutions—Milwaukee County and Dodge. Id. at 1-2. She gave him a deadline of March 6, 2020 to file the trust account statements. Id. at 2. Finally, she found that the plaintiff's motion to appoint counsel was premature because he hadn't filed the trust account statements. Id. at 2-3.

The day before the March 6, 2020 deadline, the court received from the plaintiff a letter indicating that he'd been trying to get his six-month trust account statement from Milwaukee County but had had no success. Dkt. No. 10. He said he'd asked his federal attorney to help him, but that that had not worked, either. Id. at 1-2. He asked the court not to dismiss his case, arguing that he had sent the court proof that he was indigent. Id.

On April 20, 2020, the court received from the plaintiff a trust account statement covering October 1, 2019 (the month before the plaintiff filed his lawsuit) through April 13, 2020 (months AFTER he filed his lawsuit). Dkt. No. 11. This statement appears to have been generated by the Dodge County Detention Center. The plaintiff also filed a second motion for leave to proceed without prepaying the filing fee (although not on the court's form). Dkt. No. 12.

On April 28, 2020, Judge Joseph ordered the defendant to pay an initial partial filing fee of $14.44 by May 20, 2020. Dkt. No. 14. On May 14, 2020, the court received that initial partial filing fee. The court will grant the plaintiff's motions to proceed without prepaying the filing fee. He must pay the balance of the $350 filing fee as explained at the end of this order.

Since April 2020, the plaintiff has filed four motions relating to his desire to amend his complaint. Dkt. Nos. 13, 15, 17 and 18. The first one, received

3

Case 2:19-cv-01689-NJ-PP   Filed 09/30/21   Page 3 of 8   Document 20

April 20, 2020, was a combination of a motion to amend the complaint and an amended complaint. The plaintiff appears to have been trying to add two additional individual defendants and the City of Milwaukee. Id. The second one, received by the court on May 28, 2020, again is a combined motion and amended complaint and again appears to be an attempt to add two of the individuals the plaintiff sought to add in the April 20, 2020 order and the City of Milwaukee. Id. at 15. The third document, received March 5, 2021, is another combined motion and amended complaint. Dkt. No. 17. The plaintiff says that he believes that the City is liable because the defendant officers did not wear body cameras or use dash cameras. Id. at 1. He reiterates that he wants to add the two individual plaintiffs and the city. Id. The remainder of the document reproduces the original complaint allegations. Id. at 2-4. Finally, on March 11, 2021—only six days after the court received the prior filing—the court received another combined motion and amended complaint; this one appeared to add details to the relief the plaintiff seeks. Dkt. No. 18.

The court will deny all four motions without prejudice. First, as Judge Joseph explained to the plaintiff in her February 7, 2020 order, the plaintiff does not need to ask the court's permission to amend his complaint if the court has not yet "screened" the complaint—which it has not. Second, it is not sufficient for the plaintiff to copy the allegations in the original complaint and then say, "And I just want to add to that these two defendants," or "I also think that the fact that the officers didn't have body cameras supports my allegations." A complaint—amended or otherwise—must name in the caption

4

Case 2:19-cv-01689-NJ-PP    Filed 09/30/21    Page 4 of 8    Document 20

each defendant the plaintiff wants to sue. It then must state in the body of the complaint what each of those defendants did to violate the plaintiff's rights, when they did it, where they did it, how they did it and, if the plaintiff believes he knows, why they did it. In each of the already-filed documents, the plaintiff makes general assertions such as, "the Special Investigations Division pulled into the gas station with sirens blaring," or "the plaintiff felt the first kick from behind around his hamstrings," or "the plaintiff was hit in the back-lateral part of his head with a gun, which appeared to be an assault rifle of some kind by a different officer." The plaintiff does not identify the individuals who drove up with sirens blaring. He does not say who leveled the first kick in his hamstrings or who hit him with the rifle. He has named ten individuals in the original complaint and wants to add two more, plus the City of Milwaukee. But he does not explain why he believes these particular individuals used excessive force on him. He asserts that they are members of the Special Investigations Division or are assigned to the Narcotics Unit of the North Central HIDTA (High Intensity Drug Trafficking Areas) task force, but that does not mean that they are the people who were present at the gas station or who used force on the plaintiff.

The court realizes that the plaintiff may not know the names of each person who he believes used force on him that day. The solution to that problem, however, is not to name every member of the SID or the HIDTA task force. Instead, the plaintiff should explain exactly what happened and use the term "John Doe officer" or "Jane Doe officer" to identify different individuals. If he believes that the person who kicked him in the hamstrings is different from

the person who hit him on the head with the gun, he can refer to John Doe Officer #1 as the person who kicked him and John Doe Officer #2 as the person who hit him with the gun.

The court is sending the plaintiff a blank amended complaint form. He should list all the defendants he wants to sue on the first page in the caption. He should put the case number for this case—19-cv-1689—in the space for the case number. He should include in "Statement of Claim" section all the facts that he thinks are important. If he thinks the fact that the officers were not wearing body cameras is important, he should include that in his description of the events—say how he knows that and why he thinks it is important. If he thinks the officers targeted him because of his race, he should explain in his description of the events why he thinks that (did one of the officers say something? What did the officer say? Had he known these officers before?). The court also is sending the plaintiff its guide to filing complaints without a lawyer, in the hope that this might assist him in preparing the amended complaint.

The plaintiff *should not* file a "motion" for leave to file an amended complaint; as this court and Judge Joseph have noted, he does not need the court's permission at this stage of the litigation. If the plaintiff simply files an amended complaint on the enclosed form, following the court's instructions, by the deadline the court sets below, the court will screen it.

Finally, the court will deny as premature the plaintiff's motion asking the court to appoint him a lawyer. While the plaintiff has attached to his motion

6

Case 2:19-cv-01689-NJ-PP   Filed 09/30/21   Page 6 of 8   Document 20

letters that he has sent to various lawyers, trying to get someone to represent him (and thus demonstrated that he has tried to find a lawyer on his own), the court believes that the plaintiff can file an amended complaint on his own. If the court reviews the amended complaint and concludes that the plaintiff has stated a claim, the next step will be for the defendants to answer. Then the plaintiff will have the opportunity to ask the defendants for evidence relating to his claim through "discovery"—the submission of questions (interrogatories), requests for admission and requests for documents. The plaintiff says in his motion that he has no cross-examination skills and no legal training, that he suffers from ADHD and PTSD, that he may need expert witnesses and that he expects the case to go to trial. It is too soon to know whether any of those things will be true. There are not enough volunteer lawyers to represent every incarcerated person who asks for counsel so the court does not grant such requests until it is clear that there are viable claims and that they are going to go forward. The court will deny the plaintiff's motion without prejudice, meaning that he can renew it later if things become too complicated for him to handle himself.

The court **GRANTS** the plaintiff's motions to proceed without prepaying the filing fee. Dkt. Nos. 2, 12.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$265.56** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account

and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Dodge County Sheriff.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to amend the complaint. Dkt. Nos. 13, 15, 17 and 18.

The court **ORDERS** that if the plaintiff wishes to file an amended complaint that complies with this order, he must file it in time for the court to *receive* it by the end of the day on **October 29, 2021.** If the plaintiff needs more time, he should—*before* October 29, 2021—file a motion asking for an extension of time to file the amended complaint.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 19.

The court **RETURNS** this case to Magistrate Judge Nancy Joseph for further proceedings.

Dated in Milwaukee, Wisconsin this 30th day of September, 2021.

                                         **BY THE COURT:**

                                         **HON. PAMELA PEPPER**
                                         **Chief United States District Judge**