UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK A. CLAYBORNE,

    Plaintiff,

  v.                                                          Case No. 19-cv-1689-pp

JOSEPH SERIO, TRAVIS JUNG,
ROSS MUELLER, PATRICK COE,
DANIEL KELLER, ANDREW MOLINA,
PHILLIP FERGUSON, JOSEPH ESQUEDA,
JEFFREY CLINE, JOHN IVY, VINCENT LOPEZ,
DAVID LOPEZ and THE CITY OF MILWAUKEE,

    Defendants.

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 25)**

The plaintiff, who as of October 3, 2022, is in custody at the United States Penitentiary at McCreary, Kentucky (Dkt. No. 32) and is representing himself, filed this lawsuit on November 15, 2019. Dkt. No. 1. On September 30, 2021, the court issued an order denying without prejudice the plaintiff's various motions to amend the complaint, because (a) the plaintiff did not need leave of court to amend the complaint prior to screening, (b) the plaintiff had not complied with the court's local rule requiring him to file the proposed amended complaint as a new, complete pleading and (c) none of the proposed amended complaints explained which defendant had taken which actions to allegedly violate the plaintiff's civil rights. Dkt. No. 20. The court found that neither in the original complaint (Dkt. No. 1) nor in the four proposed complaints (Dkt. Nos. 13, 15, 17, 18) had the plaintiff "explain[ed] why he

believe[d] these particular individuals used excessive force on him." Id. at 5. The court advised the plaintiff that he needed to file a new, complete amended complaint that explicitly stated what each of the named defendants "did to violate the plaintiff's rights, when they did it, where they did it, how they did it, and, if the plaintiff believe he knows, why they did it." Id. The court sent the plaintiff a blank amended complaint form and gave him a deadline of the end of the day on October 29, 2021, by which to file the amended complaint. Id. at 8. The court advised the plaintiff that if he filed the amended complaint by the deadline the court set, the court would screen it. Id. at 6.

When the plaintiff filed the original complaint in November 2019, he was in custody at the Dodge County Detention Center. Dkt. No. 1 at 1. He was still there when he filed his first (Dkt. No. 6), second (Dkt. No. 13), third (Dkt. No. 15), fourth (Dkt. No. 17) and fifth (Dkt. No. 18) motions to amend the complaint. The court issued its order on September 30, 2021. Four days later, the court received from the plaintiff a notice that he had been moved to the Waukesha County Jail. Dkt. No. 21. The court's September 30, 2021 order (the one that had been mailed to the plaintiff at the Dodge County Detention Center) was returned to the court as undeliverable, so on October 18, 2021, the court's staff mailed the order to the plaintiff at the Waukesha County Jail. Dkt. No. 22. Two days later, on October 20, 2021, the court received from the plaintiff a motion, asking the court to send him a copy of the September 30, 2021 order. Dkt. No. 23. The court's second mailing of the order and the plaintiff's motion requesting the order must have crossed in the mail.

2

Because it was likely that the plaintiff did not receive the court's September 20, 2021 order (or the blank amended complaint form) by the October 29, 2021 deadline, the court extended the deadline for the plaintiff to file an amended complaint to February 4, 2022. Dkt. No. 24. The court received an amended complaint on January 11, 2022. Dkt. No. 25. This order screens that amended complaint.

**I.     Screening the Amended Complaint**

   A.     Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

    B.    The Plaintiff's Allegations

The plaintiff names as defendants Joseph Serio, Travis Jung, Ross Mueller, Patrick Coe, Daniel Keller, Andrew Molina, Phillip Ferguson, Joseph Esqueda, Jeffrey Cline, Detective John Ivy, Detective Vincent Lopez, the City of Milwaukee and David Lopez. Dkt. No. 25 at 1.

On April 18, 2018, defendants Detectives Vincent Lopez and David Lopez briefed members of the Special Investigations Division of the Milwaukee Police Department (SID) about the plaintiff, who was a wanted subject. Id. at 2. Around 6:02 p.m. David Lopez informed the Special Investigations Unit that the plaintiff and two others were standing near a maroon vehicle parked at a

4

BP gas station on North 35th Street in Milwaukee. Id. David Lopez ordered the members of SID to enter the gas station parking lot and take the plaintiff into custody. Id.

When the officers entered the lot, the plaintiff was in the passenger seat of the maroon vehicle, which belonged to Tyrone Lowe. Id. at 3. Lowe asked the plaintiff to drive. Id. While the plaintiff was getting out of the car to go to the driver's seat, defendants Milwaukee Police Officers Travis Jung, Ross Mueller, Patrick Coe, Jeffrey Cline and Joseph Serio entered the gas station lot from West McKinley street and used their under-cover vehicle to block Lowe's vehicle from the front. Id. Defendants Milwaukee Police Officers John Ivy, Daniel Keller, Andrew Molina, Phillip Ferguson and Joseph Esqueda entered the gas station from the west entrance off 35th Street and parked directly behind Lowe's vehicle. Id.

The plaintiff noticed Lowe walking toward the officers after they had activated their lights and sirens, and the plaintiff followed him. Id. As the plaintiff got near the officers, John Doe Officer #1 "pushed and kicked the plaintiff and kicked the plaintiff again." Id. At the same time, John Doe Officer #2 hit the plaintiff in the head with an assault rifle. Id. at 3-4. An unspecified number of John Doe officers then "joined in punching various parts of the plaintiff's body causing pain." Id. at 4. One John Doe Officer, who the court will label as John Doe Officer #3, told the plaintiff that he "should have burned him on a tree." Id. The plaintiff believes the officers behaved this way because they

5

were biased against him based on his "race and color," and that they were both racist and violent. Id.

The plaintiff alleges he tried to obtain body camera or dashboard camera footage through his former counsel, but that there was no such footage because the officers didn't use those devices. Id. at 4-5. The plaintiff believes that the officers deliberately did not use body cams or dash cams because they were "promoting a code of silence" that allowed them to use excessive force. Id. at 5. The plaintiff says that he was not resisting and did not deserve to be punched, kicked, hit with an assault rifle, called a racial slur or injured permanently. Id.

The plaintiff is suing the defendants in their official and individual capacities. Id. at 6. He is seeking damages in the amount of $800,000. Id. He says that the defendants "should have [been] charged for" excessive force, substantial battery endangering safety, abuse of power and committing a federal hate crime. Id. He asserts that in the future, officers should be forced to wear and use body cams and dash cams, and he wants a restraining order against "all responsible officers." Id. He also says he is suing for physical and psychological damages. Id.

C.  Analysis

At the outset, while the plaintiff names several individual defendants, at most he alleges that these named defendants (not including the City of Milwaukee) either ordered his arrest or boxed in the vehicle the plaintiff occupied at the gas station. The plaintiff concedes that he was a known wanted

6

individual, meaning the defendants had probable cause to detain him, so his detention at the gas station is not a constitutional violation. See, *e.g.*, Cibulka v. City of Madison, 992 F.3d 633, 638 (7th Cir. 2021) (the existence of probable cause to arrest is an absolute defense against a claim of false arrest). The plaintiff has not stated a claim against the named defendants—Joseph Serio, Travis Jung, Ross Mueller, Patrick Coe, John Ivy, Daniel Keller, Andrew Molina, Phillip Ferguson, Joseph Esqueda, Jeffery Cline, David Lopez and Vincent Lopez. The court will dismiss them.

However, the plaintiff has stated a Fourth Amendment excessive force claim against the John Doe defendants. "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015). The court considers several relevant factors "including the severity of the crime; whether the suspect posed an immediate threat to the officers or others; whether the suspect was resisting or evading arrest; whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties." Id. Ultimately, the court must "determine 'whether the force used to seize the suspect was excessive in relation to the danger he posed . . . if left unattended.'" Id. (quoting Padula v. Leimbach, 656 F.3d 595, 602 (7th Cir. 2011)).

7

The plaintiff alleges that although he was not resisting or doing anything to provoke them, John Doe #1 and John Doe #2 hit and kicked him, and that John Doe #2 hit him in the head with an assault rifle. He also alleges that "other John Doe officers" joined Doe #1 and Doe #2 in beating him. Dkt. No. 25 at 4. While he does not specify the exact number, the plaintiff may proceed on a Fourth Amendment excessive force claim against the John Doe officers. As to the comment made by John Doe #3, generally verbal harassment, however insensitive, does not rise to the level of a constitutional violation. Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015). So while the plaintiff may proceed against John Doe #3 for his role in beating him, he may not proceed against John Doe #3 for his racially charged comments.

The court suspects that the Doe defendants are among the officers whom the plaintiff named as defendants, but he cannot necessarily put names to faces and does not know which ones used excessive force against him. As explained below, the plaintiff will have to use discovery to uncover the identity of the defendants and file a motion identifying them for his case against them to continue.

The plaintiff also names the City of Milwaukee as a defendant. For a municipality to be liable for a defendant's constitutional violation, the plaintiff must allege that the violation was a result of a municipal policy or custom. Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978)). This includes "governmental customs" that result in constitutional violations even

8

though the "custom has not received formal approval through the body's official decision-making channels." Id. The plaintiff alleges that there was an informal policy of the Milwaukee Police Department, an entity of the City of Milwaukee, not to use body cameras or dashboard cameras to that they could use excessive force against detainees without detection. At this stage, this is sufficient to state a Monell claim against the City of Milwaukee.

Finally, the plaintiff sues the defendants in their official capacity as well as their individual capacity. It is well-established that suing a municipal official in his or her official capacity is the same thing as suing the municipality. Schoenecker v. Koopman, 348 F. Supp. 3d 745, 749 (E.D. Wis. 2018). Because the court is allowing the plaintiff to proceed against the City of Milwaukee, he does not need to sue the remaining defendants in their official capacities.

Because the only remaining defendants are the City of Milwaukee and the Doe defendants, the plaintiff will need to send the City of Milwaukee discovery requests to identify the real names of the Doe defendants who he alleges used excessive force against him. Once the City of Milwaukee answers the amended complaint, the court will issue a scheduling order providing more information about how the plaintiff may go about identifying the Doe defendants.

## II.  Conclusion

The court **DISMISSES** defendants Serio, Jung, Mueller Coe, Ivy, Keller, Molina, Ferguson, Esqueda, Cline, David Lopez and Vincent Lopez.

The court **ORDERS** the clerk's office to add John Doe #1, John Doe #2, and John Doe #3 as defendants on the docket.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on the City of Milwaukee under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the City of Milwaukee to file a responsive pleading to the amended complaint.

The court **ORDERS** at the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, the plaintiff may make discovery requests (written questions or requests for documents) on the City of Milwaukee to identify the names of John Doe Officers who allegedly used excessive force on him. Once he knows the real names of the Doe defendants, he must file a motion advising the court of their real names and asking to substitute those individuals for the Doe placeholders. Again, the plaintiff

10

should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**