# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JACK A. CLAYBORNE,**

    Plaintiff,

v.                                     Case No. 19-CV-1689

**CITY OF MILWAUKEE,** *et al.,*

    Defendants.

## ORDER

On April 24, 2023, plaintiff Jack A. Clayborne, who is incarcerated and representing himself, filed a motion to compel the defendants to produce the name of the Doe defendants, a motion for extension of time to identify the Doe defendants, and a motion to compel the Milwaukee County Jail to produce his medical records. (ECF Nos. 49. 50.) On May 22, 2023, Clayborne filed a motion for the court to clarify its previous order, but he does not identify which order he needs clarification on. (ECF No. 54.) For that reason, the court will deny Clayborne's motion to clarify, but will attempt, in addressing his other orders, to explain the court's expectations to Clayborne.

In response to Clayborne's motions to compel, the defendants note that he did not make a good faith effort to meet and confer with the defendants' attorney to resolve the discovery disputes as required by Federal Rule of Civil Procedure 37(a)

and Civil Local Rule 37. (ECF No. 51 at 1-2.) The court notes that in this case meeting and conferring to resolve the discovery disputes would be particularly useful. The defendants assert that they have provided Clayborne with all the information he needs to identify the Doe defendants on March 27, 2023. (*Id.* at 3.) However, Clayborne wants the defendants to tell him specifically which individuals they named in discovery fit the appropriate John Doe label. Had Clayborne written a letter to the defendant's counsel or attempted to contact them by phone, he could have asked questions that would clarify the defendants' response materials for him and then he could discern which named individuals are the Doe defendants.

Additionally, he could have explained to the defendants' attorney that he was having trouble getting his records from Milwaukee County Jail, and perhaps because the defendants' attorney is local (and Clayborne is incarcerated out of state) they could have assisted him in the process. In the event that the defendants' attorney cannot assist him, Clayborne will have to subpoena the Milwaukee County Jail for the documents because Milwaukee County Jail is not a party.

In short, the court denies Clayborne's motions to compel and directs him to meet and confer with the defendants' attorney to attempt to get the information he needs. If after Clayborne made a good faith effort to discuss the discovery issues with the defendants' attorney, and he still does not have the information he needs, he may refile his motions to compel.

As for the extension of time to identify the Doe defendants, the court will grant one final extension because of the instructions included in this order for the parties

to meet and confer. Clayborne must identify the Doe defendants by July 28, 2023. Failure to do so or failure to explain why he has good cause to not be able to do so by this deadline will result in dismissal of the Doe defendants.

**IT IS HEREBY THEREFORE ORDERED** that Clayborne's motion to compel discovery and extension of time to identify the Doe defendants is (ECF No. 49) is **GRANTED in part and DENIED in part**. The motion to compel is **DENIED** and the motion for extension is **GRANTED**. Clayborne has until **July 28, 2023**, to identify the Doe defendants. Failure to do so by this deadline may result in dismissal of the Doe defendants.

**IT IS FURTHER ORDERED** that Clayborne's motion to compel the Milwaukee County to produce his medical records (ECF No. 50) **is DENIED**.

**IT IS FURTHER ORDERED** that Clayborne's motion for clarification (ECF No. 54) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of June, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge