JACK A CLAYBORNE,

                Plaintiff,

v.                                                      Case No. 22-cv-1467-pp

JOSEPH SERIO, *et al.*,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 98)

Plaintiff Jack A. Clayborne is proceeding under 42 U.S.C. §1983 on claims against the City of Milwaukee and officers from the Milwaukee Police Department. On May 8, 2025, the court granted the plaintiff's motion to extend the discovery deadline and set a final deadline of June 9, 2025 for the parties to complete discovery. Dkt. No. 97. The court also set a July 9, 2025 deadline for the parties to file dispositive motions. Id.

Both deadlines have passed, and neither party has filed a dispositive motion. Instead, on June 27, 2025—nearly three weeks after the close of discovery—the court received a motion to compel from the plaintiff. Dkt. No. 98. The plaintiff says that he asked the defendants "to produce any and all medical and psychological records, involving any and all treatment and care" that the defendants "received while being an officer on duty and off-duty." Id. at 1–2. He reports that the defendants objected to his request. Id. at 2. But he "believes this is necessary to obtain due to the Incident . . . from 2018." Id. The

plaintiff does not elaborate, simply asking the court to compel the defendants to produce their medical and psychological records. Id. at 2–3.

The defendants oppose the motion. Dkt. No. 99. They cite the standard for allowable discovery under Federal Rule of Civil Procedure 26(b) and Federal Rule of Evidence 401. Id. at 1. They assert that the plaintiff "fails to demonstrate any basis for requiring the personal records besides his belief that they are relevant." Id. at 2. The defendants "maintain that their personal medical and psychological records are not relevant as none of the Plaintiff's claims involved the health of any of the defendants." Id. They also say that they have not "put[] their physical or mental health at issue in their defenses" by raising it during depositions or in discovery. Id. The defendants contend that the evidence the plaintiff requests is not relevant and is neither proportional to nor important for resolving the issues in this case. Id.

The plaintiff filed a reply brief, reiterating his request that the court order the defendants to produce their medical and psychological records. Dkt. No. 102. He newly specifies that he seeks the officers' "investigation employee case file history . . . due to the history." Id. at 2. He cites previous cases or incidents involving Officers Cline, Jung and Mueller that he says "could discredit the Dept." Id. at 2–3. He then asks how these officers are "still working for the City of Milwaukee" and says that he was "under the impression that before a person can become a Officer [sic], that they have to undergo medical [and] psychological evaluations." Id. at 3–4. He reiterates that the officers' records "are important to this civil suit" because they will "show whether or not these

officers passed the medical [and] psychological test or had approval to work as Officers," and he says that the records "can [a]lso shine some light on who the City/Department hires as officers." Id. at 4. He says that this information is relevant because he is suing the officers and the City of Milwaukee for "promoting a code of silence" and "not getting rid of officers with Bad History." Id. at 4–5. The plaintiff cites three decisions from courts in this district and from state court, but he does not explain how these decisions are relevant or how they aid his argument. Id. at 5.

Federal Rule of Civil Procedure 26(b) governs the scope and limits of discoverable information. That rule reads:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). "It is no longer true that a request [for discovery under Rule 26(b)] is relevant if there is *any possibility* that the information it seeks may be relevant." Howard v. Meli, Case No. 17-cv-1353-p, 2020 WL 4464606, at *4 (E.D. Wis. Aug. 4, 2020) (emphasis in original). Instead, "the request must be proportional, and a party must show, among other things, that the discovery is important in resolving the issues in the case." Id.

The plaintiff has not explained why the defendants' full medical and psychological records are relevant to his claims. The court allowed the plaintiff

to proceed against the officers on Fourth Amendment claims of excessive force based on his allegations that they hit him with an assault rifle, kicked him and otherwise beat him without reason or provocation on April 18, 2018. Dkt. No. 33 at 7–8. But he has not explained why records of the officers' medical or psychological treatment are necessary or important to his excessive force claims or to any other issue in this case. The plaintiff's request for the officers' records from their *entire* time in service with the Milwaukee Police Department also is overbroad. He has not explained why records from such a broad timeframe, including the seven years since the alleged events occurred, are necessary to determining whether the officers used excessive force in April 2018.

In his reply brief, the plaintiff that the officers' records are relevant to his claim against the City of Milwaukee. The court also allowed the plaintiff to proceed on a claim "that there was an informal policy of the Milwaukee Police Department, an entity of the City of Milwaukee, not to use body cameras or dashboard cameras [so] that they could use excessive force against detainees without detection." Id. at 9 (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978); and Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). But the plaintiff waived his argument about the relevance of the officers' medical records for his Monell claim because he failed to raise it in his motion, waiting until the reply brief to bring it up. See Washington v. Thomas, Case No. 21-cv-595, 2025 WL 548397, at *4 (E.D. Wis. Feb. 19, 2025) (citing White v. United States, 8 F.4th 547, 52 (7th Cir. 2021)) ("A party waives

arguments made for the first time in a reply brief, because doing so does not give the opposing party an opportunity to respond."). Even if he had not waived this argument, the plaintiff has not explained how the officers' medical and psychological records are relevant to his claim that the City or the Police Department had a policy or practice of not using body or dashboard cameras. The plaintiff expresses concerns about the hiring practices of the City or the Department and discusses alleged past incidents of officer misconduct. But his Monell claim does not assert that the City or the Department had a policy of hiring persons as officers who have a history of misconduct or retaining officers that have a "bad history." The court will not order the defendants to produce information that is unrelated to the plaintiff's claims, disproportional to the needs of the case and irrelevant to the issues involved in the claims. The court will deny the plaintiff's motion to compel.

The court must address a separate issue. The plaintiff's motion to compel identifies Daniel Keller as a defendant in this case. Dkt. No. 97 at 2. But Daniel Keller is listed on the docket as a terminated defendant. That is because this court dismissed defendant Keller (and all named officers) in the October 4, 2022 screening order. Dkt. No. 33 at 7 ("The plaintiff has not stated a claim against the named defendants—Joseph Serio, Travis Jung, Ross Mueller, Patrick Coe, John Ivy, Daniel Keller, Andrew Molina, Phillip Ferguson, Joseph Esqueda, Jeffery Cline, David Lopez and Vincent Lopez. The court will dismiss them."). The court allowed the plaintiff to proceed against John Doe defendants, who the court recognized could be "among the officers whom the

5
Case 2:19-cv-01689-PP   Filed 08/29/25   Page 5 of 7   Document 103

plaintiff named as defendants." Id. at 8. The court ordered the plaintiff "to use discovery to uncover the identity of the defendants and file a motion identifying them for his case against them to continue." Id. The plaintiff eventually identified the defendants and named six officers to substitute in place of the Doe placeholders—Joseph Serio, Ross Mueller, Travis Jung, Andrew Molina, Jeffrey Cline and Daniel Keller. Dkt. No. 71. All those officers were among the individual defendants that the plaintiff sued in his amended complaint. Dkt. No. 25. On June 28, 2024, Magistrate Judge Joseph (to whom the case was assigned at the time) granted the plaintiff's request to substitute those officers for the Doe placeholder defendants. Dkt. No. 73. But Judge Joseph's order lists only *five* officers to substitute—Serio, Mueller, Jung, Molina and Cline. Id. at 1. That order does *not* include Keller or mention him as an identified officer. Id. Counsel from the City of Milwaukee nonetheless filed an answer on behalf of all six identified officers—including Keller. Dkt. No. 86. The defendants' response to the plaintiff's motion to compel also lists all six officers in the caption. Dkt. No. 99 at 1.

It appears that Judge Joseph's order inadvertently missed the plaintiff's inclusion of Keller among the officers to be substituted. Counsel from the City of Milwaukee moved forward with the understanding that Keller is a defendant in this case, and it appears that the parties conducted discovery with a joint understanding that he is a defendant. The court will order the clerk's office to modify the docket to show Daniel Keller as an active defendant.

6

Case 2:19-cv-01689-PP   Filed 08/29/25   Page 6 of 7   Document 103

As the court explained above, the deadlines for discovery and dispositive motions have passed, and neither party has filed a motion for summary judgment or requested additional time to do so. The court infers that no party plans to seek summary judgment. The court will issue a separate order scheduling a status conference with the parties to discuss the next steps in this case.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 98.

The court **ORDERS** that the clerk will modify the docket to include Daniel Keller as an active defendant.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**